# United States District Court
# Central District of California

JS-6

| | |
|---|---|
| PHILLIP LOPEZ, an Individual, | ED CV 10-1099 TJH (OPx) |
| Plaintiff, | |
| v. | Order |
| OREMOR ONTARIO DODGE, INC., et al., | |
| Defendants. | |

The Court has received, but not considered, the motions to dismiss and to strike by Defendant Capital One Auto Finance, Inc. ("Capital One").

A state court action may be removed if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over a class action if (1) the aggregate number of proposed plaintiffs is at least 100, (2) any member of the plaintiff class is a citizen of a state different from any defendant, and (3) the aggregate amount in controversy exceeds $5,000,000.00. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). The removing party bears the burden of establishing original jurisdiction.

1 *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  If
2 the removal documents fail to establish jurisdiction, the Court may remand or, at its
3 discretion, issue an order to show cause asking the defendant to produce additional
4 evidence.  *Abrego Abrego*, 443 F.3d at 691-92.  Capital One has failed to meet its
5 burden and establish that this Court has jurisdiction.
6        While this case may develop more facts regarding jurisdiction, this Court is
7 not the proper forum to develop those facts because the underlying claims all involve
8 state law causes of action.  Thus, the state court is better suited to develop the record
9 at the early stages of litigation.

11        It is Ordered, *sua sponte*, that this matter be, and hereby is, Remanded.

13 Date:  November 3, 2010

14 _____
15                    Terry J. Hatter, Jr.
16              Senior United States District Judge